# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re:<br><br>BLACKJEWEL, L.L.C., *et al.*,[1]<br>　　　　　　　　　　*Debtors.* | Chapter 11<br><br>Case No. 19-30289<br>(jointly administered) |
| THE BLACKJEWEL<br>LIQUIDATION TRUST.<br>　　　　　　　　　　*Plaintiffs*,<br>v.<br>UNITED BANK,<br>　　　　　　　　　　*Defendant.* | Adv. No. 20-03007 |

### EXPEDITED MOTION OF NONPARTIES PATRICIA HOOPS, BRENT WALLS, AND JEFFERY A. HOOPS TO QUASH OR, ALTERNATIVELY, MODIFY DEPOSITION SUBPOENAS

Nonparties Tricia Hoops, Brent Walls, and Jeffery A. Hoops, Sr. (collectively, the "Nonparties") file this expedited motion to quash or, alternatively, modify subpoenas. In support thereof, Nonparties respectfully state as follows:

### SUMMARY

Defendant United Bank ("United") seeks to depose each of the Nonparties. Nonparties agreed to be deposed and, in consultation with the parties in this case, on a schedule for their

---

[1] The Debtors in these jointly administered chapter 11 cases, together with the last four digits of their Taxpayer Identification Numbers, are: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corp. (8908); Revelation Energy, LLC (4605); Dominion Coal Corp. (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corp. (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213).

1

depositions. Nonparties made one request: that the depositions take place remotely over video or, alternatively, in person at the office of their lawyers. United refused either option. Now, United has served, or is believed to be in the process of serving, subpoenas to require Nonparties to appear in person at United's counsel's office. As explained herein, these subpoenas are unduly burdensome and otherwise deficient. Furthermore, United has itself not yet complied with a subpoena served on United, related to another adversary proceeding involving some of the same issues at stake in the instant case, even though that subpoena was served in June 2021. For these reasons, Nonparties request that this Court quash the subpoenas or, at least, order that they be taken either virtually or in person in Richmond, Virginia, where the Nonparties will be physically located during the week of October 11. In nearly two years of the global COVID-19 pandemic, undersigned counsel has conducted dozens of remote depositions in multiple cases pending all over the country, and United's intransigent position demanding an in-person deposition at a location of their choosing (of nonparties, at that) is a first. Because the depositions sought would take place the week of October 11, 2021, Nonparties request that this Court rule on this motion on an expedited basis.

## BACKGROUND

Plaintiffs initiated the instant lawsuit on June 1, 2020. (Dkt. No. 1.) Under the current scheduling order, discovery is set to close on October 29, 2021. (Dkt No. 75.) On August 31, 2021, counsel for United reached out regarding the depositions of Nonparties.

Regarding the Nonparties, Jeffery A. Hoops was, among other things, the CEO of Blackjewel and is the named defendant in a number of other adversary proceedings including Adv. No. 20-03008 (the "Clearwater AP."). Patricia Hoops is the wife of Jeffery A. Hoops. Brent Walls

is an accountant and officer of Clearwater. Neither Patricia Hoops nor Brent Walls is a named party in any litigation related to the Blackjewel bankruptcy.

On September 22, 2021, a joint call was held to discuss deposition scheduling and other issues related to United's request to depose Nonparties. The parties tentatively agreed on a schedule for the Nonparties depositions with Patricia Hoops to be deposed on October 12, 2021, Brent Walls to be deposed on October 13, 2021, and Jeffrey A. Hoops to be deposed on October 15, 2021.

However, several important issues remained open. First, although United indicated it wanted to do the depositions in person in Charleston, counsel for Nonparties explained they needed to confer with their clients on that issue and that they might prefer to proceed virtually. Among other reasons, Jeffrey and Patricia Hoops regularly reside far from Charleston, including in Florida. Second, counsel for Nonparties, which also represents Jeffery A. Hoops and another Defendant, Clearwater Investment Holdings, LLC, in the Clearwater AP, raised the issue of United's response to a subpoena for document production (the "United Bank Subpoena") which Mr. Hoops and the other defendant in the Clearwater AP had served on United. United has taken the position that the documents it will be producing to the debtors in *this* case entirely overlap with *that* document subpoena, and, thus, United's failure to complete its production to undersigned counsel impedes our ability to adequately prepare for the depositions United is demanding.

Defendants in the Clearwater AP served the United Bank Subpoena on United on June 25, 2021—over two months before United first approached Nonparties regarding their depositions. (*See* ECF No. 62 in Clearwater AP.) United has not yet completed the production of information responsive to that Subpoena. Counsel for Nonparties explained to United's counsel that United's

production should be completed prior to any deposition of Nonparties with enough time for Nonparties' counsel to review those documents before any depositions take place.

On September 30, 2021, United made another production in response to the United Bank Subpoena. At the same time, United (1) indicated it did "not have a firm timeline for completion of our review and production" of the rest of the material responsive to the United Bank Subpoena and (2) served deposition notices for Nonparties for the dates previously discussed but with the depositions to take place at United's counsel's office in Charleston. After conferring with Nonparties, counsel for Nonparties responded that the Nonparties would be available for deposition on those dates if the deposition could be conducted remotely. Alternatively, they were available to be deposed in Richmond, Virginia. However, United has refused to conduct the deposition of Nonparties using any method except in person and in any place but their office in Charleston. Nor has United completed its production in response to the United Bank Subpoena.

On October 5, 2021, United served Brent Walls with a deposition subpoena commanding his deposition to take place on October 13, 2021 at United's counsel's offices. *See* Brent Walls Subpoena, attached as Exhibit A. United has not yet served Jeffery or Patricia Hoops with any subpoena.

**ARGUMENT**

In light of United's unreasonable "my way or the highway" approach to taking the depositions of Nonparties, good cause exists to quash or, alternatively, modify any subpoena directed to Nonparties. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the

4

subpoena." Fed. R. Civ. P. 45(d)(1).[2] Accordingly, on a timely motion, a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv).

In this case, Nonparties request that this Court order that any deposition of Nonparties be taken by remote means. Since the emergence of the COVID-19 pandemic, courts have routinely granted similar requests that depositions be taken remotely. *See, e.g., United States v. $110,000 in United States Currency*, 2021 WL 2376019, at *3 (N.D. Ill. June 10, 2021) ("[F]or the health and safety of the parties, the Court will not require the Government attorneys from Nebraska to travel to Chicago when substantially the same result is available digitally."); *Mosiman v. C & E Excavating, Inc.*, 2021 WL 1100597, at *2 (N.D. Ind. Mar. 23, 2021) ("Overall, the twin aims of preventing the spread of the virus and protecting the health and safety of all involved provide good cause to hold the deposition remotely."); *In re Newbrook Shipping Corp.*, 498 F. Supp. 3d 807, 815 n.1 (D. Md. 2020) ("Zoom depositions have become a convention in this district during the ongoing COVID-19 pandemic, and they are appropriate in the circumstances of this case."); *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, 335 F.R.D. 536, 538–39 (N.D. Ill. 2020) ("[T]he Court finds that the health concerns created by the COVID-19 pandemic create 'good cause' for the entry of an order requiring that Ms. Latham's deposition take place by remote videoconference under the circumstances in this case."); *Yoon v. Lee*, 2020 WL 2946053, at *5 (C.D. Cal. June 3, 2020) ("[I]t appears somewhat unreasonable for Defendants to continue to insist on Plaintiff traveling to Los Angeles to appear for a deposition, particularly in light of other possible alternatives to an 'in-person' deposition such as a remote deposition by videoconference."); *Wilkens v. ValueHealth, LLC*, 2020 WL 2496001, at *2 (D. Kan. May 14,

---

[2] Federal Rule of Civil Procedure 45 has been made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9016.

2020) ("Video or teleconference depositions and preparation are the 'new normal' and most likely will be for some time.").

Consistent with these precautions, this Court has itself entered an order stating that circumstances "provide[] good cause in compelling circumstances to allow evidentiary hearings in these jointly administered cases to be conducted remotely using audio and video conferencing solutions." (*See* ECF No. 2419 in Case 3:19-BK-30289 at 1-2 (stating also that "all hearings shall take place using the telephonic and videoconferencing solutions.").) Nonparties submit that the same safety precaution of allowing for remote hearings before this Court should be extended to those, like Nonparties, called upon to testify in depositions with respect to this proceeding.[3]

Furthermore, the burden and costs to Nonparties will be lessened if the deposition is taken by remote means because nonparties were not planning to be in West Virginia at the time of their depositions. As explained above, Nonparties have alternatively offered to have their depositions taken at the office of their counsel in Richmond, Virginia, which would likewise reduce the burden and cost to Nonparties, and where Nonparties will have greater control over social distancing and other safety procedures. United is affirmatively obligated under Rule 45 to minimize the burden to the Nonparties in complying with subpoenas, and the Nonparties have determined that it is not only safer but also the most cost-effective means of complying to conduct the depositions in the office of their counsel in Richmond, Virginia, as the cost of the Nonparties' travel to Richmond is far less than the legal fees and expenses they would incur by sending their counsel to West

---

[3] Further, it is difficult to imagine how United could claim to be prejudiced by taking a deposition remotely. *See, e.g., United States ex rel. Adams v. Remain at Home Senior Care, LLC*, No. 1:17-CV-01493-JMC, 2021 WL 856876, at *1–2 (D.S.C. Mar. 8, 2021) ("Next, Defendants have not shown prejudice. Although they point to 'difficulties' and technical issues that occurred during prior remote depositions and may occur in future remote depositions, including Zoom fatigue, the purported complexity of this case, and the numerosity of documents used during the deposition, such problems appear to be relatively routine and do not necessarily amount to prejudice.").

Virginia. In addition, one of the undersigned counsel who will be actively defending one (or more) of the depositions is unable to travel to West Virginia next week as a result of other engagements.

Other issues exist with respect to any attempt to compel Nonparties to attend a deposition the week of October 11, 2021. Jeffery Hoops and Patricia Hoops have not been served with any subpoena. And, although Brent Walls was served, his subpoena was not accompanied by the requisite witness fees. *See* Exhibit A. As such it is unenforceable and should be quashed. *See* Fed. R. Civ. P. 45(b)(1); *see, e.g., In re Dennis*, 330 F.3d 696, 704–05 (5th Cir. 2003) (affirming quashing of deposition subpoena and stating that "a court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever with the subpoena."). Furthermore, it would be an undue burden to require Nonparties to appear for a deposition pursuant to subpoenas served the week prior to their deposition (and without regard for their preference for location or method of deposition) while, meanwhile, United has not completed a production of documents responsive to the United Bank Subpoena served months earlier, in June, 2021. This is especially true to the extent that the information requested in the United Bank Subpoena overlaps with the topics that United intends to question Nonparties concerning.

Having said the preceding, Nonparties do not intend to raise form over substance with respect to the subpoenas. Therefore, they are willing to appear for deposition on the dates United requested provided the depositions take place in a manner or at a location that maximizes the safety of—and reduces the burden and costs to—Nonparties.[4] Absent this reasonable accommodation, however, the subpoenas to Nonparties should be quashed.

---

[4] Nonparties, of course, reserve the right to object to any questioning or exhibits related to information sought in the United Bank Subpoena which have not yet been produced.

7

## REQUEST FOR EXPEDITED CONSIDERATION

Nonparties request that this Court set a hearing on this motion on or before October 8, 2021, or otherwise rule on this motion on an expedited basis. Expedited relief is appropriate based on the dates for the depositions sought by United—the first of which is October 13, 2021—and the issues discussed above.

## CONCLUSION

Nonparties respectfully request that this Court consider this motion on an expedited basis, order that the subpoenas to the Nonparties be quashed, order that any deposition of Nonparties proceed remotely or, alternatively, at the offices of Nonparties' counsel, and grant to Nonparties all other relief to which they may be entitled.

Dated: October 6, 2021
Richmond, Virginia

Respectfully Submitted,

**MCGUIREWOODS LLP**

/s/ *K. Elizabeth Sieg*
K. Elizabeth Sieg (admitted *pro hac vice*)
Dion W. Hayes (*pro hac vice* forthcoming)
800 East Canal Street
Richmond, VA 23219-3916
Tel.: 804.775.1137
Fax: 804.698.2257
bsieg@mcguirewoods.com
dhayes@mcguirewoods.com

Mark E. Freedlander (admitted *pro hac vice*)
Frank J. Guadagnino (admitted *pro hac vice*)
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Tel.: 804.775.1000
mfreedlander@mcguirewoods.com
fguadagnino@mcguirewoods.com

        A. Wolfgang McGavran (admitted *pro hac vice*)
        888 16th Street N.W., Suite 500
        Black Lives Matter Plaza
        Washington, DC 20006
        Tel.: 202.857.2471
        wmcgavran@mcguirewoods.com

        *Counsel for Nonparties Patricia Hoops, Brent Walls, and Jeffery A. Hoops, Sr.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of October 2021, a true and correct copy of the foregoing motion was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above-captioned proceeding.

        /s/ *K. Elizabeth Sieg*
        K. Elizabeth Sieg