# Exhibit 2

```
 1          IN THE UNITED STATES BANKRUPTCY COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
 2

 3   * * * * * * * * * * * * * * * * * * * * *

 4   In re:
                                        Chapter 11
 5   Blackjewel, L.L.C., et al,
                                     Case No. 19-30289
 6            Debtors,
                              (Jointly Administered)
 7   _____

 8
     BLACKJEWEL, L.L.C., et al.
 9
              Plaintiffs,
10
     v.              Adv. Proceeding 3:20-ap-03007
11

12   UNITED BANK,

13            Defendant.

14   * * * * * * * * * * * * * * * * * * * * *

15

16         Videotaped deposition of JEFFERY HOOPS
     taken by the Defendant under the Federal Bankruptcy
17   Rules in the above-entitled action, pursuant to
     notice, before Elizabeth A. Hill, Court Reporter,
18   at Steptoe & Johnson, 1700 Chase Tower, Charleston,
     West Virginia, on the 13th day of October, 2021.
19

20

21            REALTIME REPORTERS, LLC
                 Elizabeth A. Hill
22                713 Lee Street
               Charleston, WV  25301
23                (304) 344-8463
                realtimereporters.net
24
```

| BLACKJEWEL, LLC, ET AL. v. | JEFFERY HOOPS |
|---|---|
| UNITED BANK | 10/13/2021 |

```
 1                       APPEARANCES

 2   APPEARING FOR THE PLAINTIFFS:

 3       Scott A. Kane, Esquire
       Jennifer Dollard-Smith, Esquire (telephonically)
 4       SQUIRE PATTON BOGGS
         201 E. Fourth Street
 5       Suite 1900
         Cincinnati, OH  45202
 6       Scott.Kane@squirepb.com
         Jennifer.Dollard-Smith@squirepb.com
 7
     APPEARING FOR THE DEFENDANT:
 8
         C. Haley Bunn, Esquire
 9       Peter J. Raupp, Esquire
         STEPTOE & JOHNSON
10       1700 Chase Tower
         17th Floor
11       Charleston, WV  25336-1588
         Haley.Bunn@Steptoe-Johnson.com
12       Peter.Raupp@Steptoe-Johnson.com

13   APPEARING FOR THE DEPONENT:

14       K. Elizabeth Sieg, Esquire
         Dion Hayes, Esquire
15       A. Wolfgang McGavran, Esquire
         McGUIRE WOODS, LLP
16       Gateway Plaza
         800 East Canal Street
17       Richmond, VA 23219-3916
         (804) 775 1137
18       bsieg@mcguirewoods.com
         dhayes@mcguirewoods.com
19       wmcgavran@mcguirewoods.com

20       Connor D. Robertson, Esquire (telephonically)
         WESTON ROBERTSON
21       2939 Virginia Avenue
         Hurricane, WV  25526
22       (304) 522-4100

23   Also Present:

24       Chris Leigh, Certified Legal Video Specialist
```

| | |
|---|---|
| BLACKJEWEL, LLC, ET AL. v.<br>UNITED BANK | JEFFERY HOOPS<br>10/13/2021 |

```
1       Q.  So, Mr. Hoops, you have been handed what's
2    been marked as Exhibit XX.
3       A.  Yes, sir.
4       Q.  After you have a moment to take a look at
5    it, let me know.
6       A.  Yes, sir.
7       Q.  This is an email from what I -- I shouldn't
8    say that.  This says it's an email sent on behalf
9    of jhoops4379@aol.com.  Do you see that?
10      A.  Yes.
11      Q.  Is that your AOL email address?
12      A.  Yes, sir.
13      Q.  Okay.  And it's addressed to "All
14   Blackjewel employees"; is that right?
15      A.  Yes, sir.
16      Q.  Is it your understanding that this was an
17   email sent to all Blackjewel employees on your
18   behalf?
19      A.  Yes, sir.
20      Q.  Okay. And it's more than -- it's more than
21   just a timeline.  I'm not trying to minimize it in
22   that sense, but many of the bullet points are more
23   timeline issues; right?
24      A.  That's correct.
```

| | |
|---|---|
| BLACKJEWEL, LLC, ET AL. v.<br>UNITED BANK | JEFFERY HOOPS<br>10/13/2021 |

```
1       Q.  Okay.  Did you prepare this email that was
2   sent?
3       A.  I prepared the initial draft, and then
4   Squire assisted in editing it and -- and making
5   recommendations -- recommended changes.  And so
6   they helped review it and modify it before I sent
7   it out to the employees.
8       Q.  That was my understanding, so I may ask you
9   fewer questions about it, but this email was sent
10  on -- or was not my understanding, so I may ask you
11  fewer questions about it.
12      But this email was sent on July 4th, 2019;
13  correct?
14          MR. HAYES:  Objection.  The question
15  is unintelligible.
16      Q.  Did you -- were you able to divine the
17  complicated question of whether this email was sent
18  on July 4th, 2019?
19          MR. HAYES:  I was referring to the
20  precursor.
21          MR. KANE:  Is that on objection?
22          MR. HAYES:  Yes.
23          MR. KANE:  Okay.
24      Q.  You can answer.  Was this email sent on
```