_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

**Dated: June 30th, 2022**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Lead Case No. 3:19-bk-30289 |
| | ) | |
| Blackjewel L.L.C., *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 20-ap-03007 |
| | ) | |
| United Bank, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER MODIFYING SCHEDULING ORDER**

This case is before the Court on United Bank's ("Defendant") *Motion to Exclude Trust's Expert*, ECF No. 134 ("Expert Motion"); *Motion to Exclude Trust's Untimely Disclosed Fact and Expert Witnesses*, ECF No. 135 ("Witnesses Motion"); *Motion for Summary Judgment*, ECF No. 136 ("Motion for Summary Judgment"); and the Liquidation Trust's *Motion for Partial Summary Judgment as to*

*Liability on Count One for Tortious Interference*, ECF No. 138 ("Motion for Partial Summary Judgment"). The current *Order Regarding Scheduling* sets the deadline to file any motions *in limine* and other pretrial motions as July 11, 2022, with responses due by July 18, 2022, and a pretrial hearing to take place on July 25, 2022. ECF No. 158. The Court is entering this order to provide counsel advanced notice of the impending rulings and to avoid unnecessary expense in the interim.

The Court will be entering orders as follows:

1. The Court will deny the cross-motions for summary judgment as there is sufficient evidence establishing genuine issues of material fact as to liability and damages.

2. The Court will deny the Witnesses Motion and will permit testimony from Rob White and Dan Chu, and further deny any request for sanctions, subject to re-opening discovery for the limited purposes stated below.

3. The Court will grant in part and deny in part the Expert Motion. As will be further discussed, Weiss shall be permitted to testify as a qualified expert, subject to the reliability of any amended report issued pursuant to the Court's orders. However, the Court will grant the motion to strike damage testimony because the opinion on the amount of damages was insufficiently supported by any reliable methodology and was based solely on the ipse dixit of the expert. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 157

(1999) (quoting General Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)). The Court, in its discretion, will permit Weiss to amend his report in this case and will re-open discovery related thereto as provided below.

Therefore, it is hereby **ORDERED** that:

1. Discovery will be reopened for the following limited purposes:

    a. Permitting the deposition of Rob White and Dan Chu on the subject of the auction, to be complete within 30 days of the entry of the Court's Order overruling the motion, or as otherwise extended by this Court;

    b. Provide the Weiss 30 days from the entry of the Court's Order granting Defendant's motion in part to file an amended report regarding damages;

    c. Provide Defendant 14 days thereafter to file a responsive report.

    d. Reopen discovery solely with respect to experts for 30 days after the deadline to file any responsive report.

2. The pre-trial motion deadlines as set forth in the Order Regarding Scheduling, paragraph 3, are suspended pending further order of the Court.

3. The pretrial hearing set for July 25, 2022, shall be converted to a pretrial status conference and a scheduling conference.

4. The deadlines for final pretrial disclosures and exhibits as set forth in the Order Regarding Scheduling, paragraphs 4 and 5, are suspended pending further order of the Court.

5. The Court will reschedule trial at the status hearing on July 25, 2022.

[END OF DOCUMENT]