---
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE
**Dated: September 2nd, 2022**

<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Lead Case No. 3:19-bk-30289 |
| | ) | |
| Blackjewel L.L.C., *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 20-ap-03007 |
| | ) | |
| United Bank, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION DENYING UNITED BANK'S
MOTION TO EXCLUDE PLAINTIFF'S WITNESSES**

This adversary proceeding is before the Court on United Bank's ("Defendant") *Motion to Exclude Trust's Witnesses* filed on November 30, 2021. ECF No. 135 ("Motion"). Defendant moves to exclude the Blackjewel Liquidation Trust's ("Plaintiff") alleged witnesses, Rob White and Dan Chu, from offering any testimony.

1

Defendant claims that Plaintiff disclosed these individual late in the discovery process as a form of gamesmanship and sanctions are appropriate under Fed. R. Civ. P. 37, made applicable under Rule 7037[1]. Plaintiff filed its response on December 21, 2021. ECF No. 147.

The Court will deny the Motion for the reasons set forth herein.

## I. Jurisdiction and Authority

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. Under 28 U.S.C. § 155(a), the Honorable Roger L. Gregory, Chief Judge of the United States Court of Appeals for the Fourth Circuit, assigned and designated Benjamin A. Kahn, United States Bankruptcy Judge, to this Court and to the captioned, jointly administered cases, together with all associated adversary proceedings. Case No. 19-30289l, ECF No. 2011. Thereafter, the Honorable Joseph R. Goodwin entered an Order referring these cases and all related proceedings to the above signed as contemplated by the order entered by the Honorable Roger L. Gregory and under 28 U.S.C. § 157. ECF No. 2014. The parties consented to the Court determining the matters set forth herein, and this Court has constitutional authority to enter final judgment. See Wellness Int'l. Network, Ltd. v. Sharif, 575 U.S.

---

[1] Unless otherwise stated, references to rules throughout this opinion refer to the Federal Rules of Bankruptcy Procedure.

665, 684 (2015). Venue of these cases and this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Procedural Background

Debtors[2] filed the complaint on June 1, 2020, for Defendant's alleged interference with its emergency debtor in possession ("DIP") financing efforts. Plaintiff[3] contends that Defendant's actions led to layoffs and a disorderly liquidation of many of its assets, resulting in lost proceeds, profits, and damages. The Complaint asserts four claims for relief: (1) Tortious Interference with Business Relations, (2) Aiding and Abetting Breach of Fiduciary Duty and Tortious Conduct, (3) Unjust

---

[2] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823) ("Blackjewel"); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605) ("Revelation"); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at PO Box 1010, Scott Depot, WV 25560.

[3] The Court confirmed Debtors' plan, ECF No. 2499 (the "Plan") on March 22, 2021. Bankr. Case No. 19-30289, ECF No. 3147 (the "Confirmation Order"). Article 9 of the Plan created a Liquidation Trust that was vested with "all right, title and interest in all of the Liquidation Trust Assets, as well as the rights and powers of each Debtor in such Liquidation Trust Assets . . . free and clear of all Claims and Interests for the benefit of the Liquidation Trust Beneficiaries." Plan, p. 29, §§ 9.2.1 and 9.3.1. Among the Liquidation Trust Assets were the Liquidation Trust Causes of Action, which, in turn, included the Causes of Action in the Litigation Proceedings. Id. at p. 8, §§ 1.1.56 and 1.158. The Litigation Proceedings include the Plaintiff's claims in this adversary proceeding. Id., §§ 1.1.62 and 1.1.96. The Confirmation Order is a final order. Pursuant to the Plan, the Liquidation Trust, as managed by the Liquidation Trustee, has been substituted as Plaintiff in this action. Id. at p. 8, § 1.1.61 and p. 29-30, § 9.5. The terms of the Plan retained jurisdiction for this Court to hear and determine the Liquidation Trust Causes of Action. Id. at p. 44, § 13.1.9. The Liquidation Trust Causes of Action are the primary means of implementing the Plan and were instrumental in creditor support for confirmation.

3

Enrichment, and (4) Equitable Subordination of Defendant's Proof of Claim.

At the parties' request, the Court has modified the scheduling order in this proceeding multiple times. The Court entered a Scheduling Order on September 11, 2020, requiring Plaintiff to serve its initial disclosures not later than October 2, 2020. ECF No. 20. On September 24, 2020, Plaintiff filed an Amended Complaint. ECF No. 28. On February 1, 2021, Plaintiff submitted a proposed *First Amended Scheduling Order* again proposing that "All discovery requests shall be completed by June 30, 2021" and that "[t]he parties shall disclose any primary experts and provide the information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, including copies of reports, by April 30, 2021." ECF No. 62. This was approved on February 2, 2021. ECF No. 63.

On April 14, 2021, Defendant moved to compel Plaintiff to provide full and complete responses to discovery requests. ECF No. 70. In response to Defendant's motion to compel, Plaintiff stated, "[f]inally, the Debtors explained to [Defendant] on several occasions that the quantification of lost profits/lost expectancy damages would, as is typical, be established through experts and opinion testimony," and that "'[w]e also have explained on several prior occasions – and are doing so again now – that the Debtors' lost profits/asset sale damages would primarily be

4

supported through expert testimony.'"  ECF No. 77.  A week later, on April 21, 2021, Plaintiff submitted another proposed Scheduling Order providing that "[a]ll discovery requests shall be completed by October 29, 2021" and that "[t]he parties shall disclose any primary experts and provide the information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, including copies of reports, by August 31, 2021."  ECF No. 74.

In ruling on the Motion to Compel, the Court stated "The [Plaintiff] has responded [to [Defendant's] requests that information regarding calculation of damages be disclosed].  That it intends to put its damage evidence on through the experts. … I'm not going to order that be disclosed prior to the date of the expert disclosures."  ECF No. 135, pp. 3-4.

On August 13, 2021, this Court entered an Order granting Defendant's Motion to Compel, extending Defendant's expert disclosure deadline to September 14, 2021, and setting Plaintiff's deadline for rebuttal expert disclosures to September 28, 2021. ECF No. 103.

Plaintiff first amended its initial disclosures on September 14, 2021.  ECF No. 147, at 3.  On September 30, 2021, Defendant served a rebuttal expert report prepared by Todd Myers ("Myers"). ECF No. 111.  Myers' report made a variety of claims about the sale, including discussing events that may or may not have occurred

5

during the sale process, which he described as led by the Jefferies Group LLC ("Jefferies"). Id., Ex. A. Some of Myers' opinions refer to Jefferies' work, analyses, and statements made during the sale process.

In light of Myers' opinions and in preparing for his October 27, 2021 Deposition, Plaintiff determined that the Jefferies Employees' factual knowledge may be an issue during trial. ECF No. 147, at p. 3. Therefore, on October 25, 2021, Plaintiff served Defendant with *Plaintiff's Amended and Supplemental Disclosures Pursuant to Rule 26(a)(1)*, identifying the following additional witnesses:

- Rob White: Managing Director at Jefferies Group LLC. Mr. White is a restructuring advisor at Jefferies Group LLC and has knowledge regarding the Debtors' auction process, including the damages caused by [Defendant's] actions and the impact on Debtors' attempt to restructure.

- Dan Chu: Managing Director at Jefferies Group, LLC. Mr. Chu leads Metals and Mining Mergers and Acquisition at Jefferies Group LLC and has knowledge regarding the operation, organization, and financial condition of the Debtors, including regarding the analysis and financial modeling conducted by Jefferies in April 2019.

ECF No. 147-1, at p. 3. In Myers' deposition on October 27, 2021, in a conversation about the possibility of higher bids, Myers indicated that it was speculative to opine on potential bidders without talking to the Jefferies employees about conversations with potential bidders and any bidders' degree of motivation and viability. ECF No. 147-2, at p. 4-5.

6

Discovery closed on October 29, 2021. Defendant understood that Plaintiff would offer these two witnesses to provide both fact and expert opinions about what occurred in April 2019 and the auction in August 2019, and Defendant requested that these witnesses be withdrawn. ECF No. 147-3. Plaintiff rejected this request, but offered to produce these witnesses for deposition outside the discovery period. Id. Plaintiff further responded by explaining that it had "timely supplemented [its] Rule 26(a) disclosures to identify additional witnesses with potentially discoverable knowledge, including based on recent perspective concerning positions likely to be taken by [Defendant] and its rebuttal expert." ECF No. 147, at p. 4; ECF No. 147-3. Plaintiff further argues that if untimely, the delay was substantially justified or harmless, and that these are lay witnesses. ECF No. 147, at p. 6-10. Defendant argues that the opinions by the expert witnesses on both sides have been formulated and explored based on the testimony of the witnesses who were timely disclosed and whose depositions have already been conducted.

### III. Burden of Proof.

"A [trial] court . . . retains broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless. And the burden of establishing [justification or harmlessness] lies with the nondisclosing party." Benjamin v. Sparks, 986 F.3d 332, 343 (4th

7

Cir. 2021) (internal quotation marks and citations omitted); Gilley v. C.H. Robinson Worldwide, Inc., No. 1:18-00536, 2021 U.S. Dist. LEXIS 124348, at *10 (S.D. W. Va. July 2, 2021).

### IV. Findings of Fact and Conclusions of Law

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The Rule 37(c) advisory committee notes emphasize that the 'automatic sanction' of exclusion 'provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.'" S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595 n.2 (4th Cir. 2003) (quoting Fed. R. Civ. P. 37(c) advisory committee note (1993)).

There are three potential deadlines that the Court must consider here—the expert disclosure deadlines, the discovery deadlines, and the pretrial disclosure deadlines. Under the preexisting scheduling order, Plaintiff was required to disclose those witnesses, who it may use at trial to offer opinions under Fed. R. Civ. P. 26(a)(2), by August 31, 2021. All discovery closed on October 29, 2021. Trial had not yet been set, so timeliness is not at question regarding pretrial disclosures under

8

Fed. R. Civ. P. 26(a)(3).[4] Therefore, the question is whether Fed. R. Civ. P. 26(a)(1) or (2) applied, and whether the Court should exclude these witnesses from testifying at trial under Fed. R. Civ. P. 37, made applicable to this proceeding by Rule 7037.

**A.   These witnesses will provide lay testimony, and therefore Fed. R. Civ. P. 26(a)(2) is inapplicable.**

Under Fed. R. Civ. P. 26(a)(2)(A), which pertains to expert disclosures, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

"[T]he line between [an expert and lay witness] . . . can be a fine one, the key to Rule 701 lay opinion testimony is that it must arise from the personal knowledge or firsthand perception of the witness." Lord & Taylor, LLC v. White Flint, L.P., 849 F.3d 567, 575 (4th Cir. 2017) (internal quotation marks and citations

---

[4] Under Rule 26(a)(3), "[i]n addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises[.]" Fed. R. Civ. P. 26(a)(3)(A). "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).

9

omitted). "A lay witness must have 'first-hand knowledge' about the case and provides 'an opinion on the basis of relevant historical or narrative facts that the witness has perceived.'" Gomez v. Haystax Tech., Inc., No. 1:16-cv-1433, 2017 U.S. Dist. LEXIS 189545, at *29 (E.D. Va. Oct. 17, 2017) (quoting Certain Underwriters at Lloyd's, London v. Sinkovich, 232 F.3d 200, 203 (4th Cir. 2000)). Further, the Fourth Circuit has "permit[ted] business employees . . . to opine on accounting projections under Rule 701, so long as their opinions are based on their first-hand experience on the job." Lord & Taylor, 849 F.3d at 575.

Under Fed. R. Civ. P. 26(a)(2), a party is not required to disclose—as an expert—the identity of a lay witness who may provide opinion testimony under Fed. R. Evid. 701. Plaintiff does not offer either White or Chu as an expert. The disclosure indicates that the Jefferies employees' have personal knowledge of the auction. Their qualifications in the bidding and auction process, even if they may have otherwise qualified as experts in the field, are immaterial. Defendant may seek to limit any expert opinions by White and Chu at trial through a motion *in limine* or through objections.

**B.    Any potential late disclosure is harmless due to an ability to mitigate the surprise.**

Under Fed. R. Civ. P. 26(a)(1)(A), categorized as the "Initial Disclosure,"

10

> a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]
>
> Rule 26(a)(1)(A) no longer requires parties to provide identifying information for persons whom it does not intend to use during the proceeding, regardless whether they possess information that is favorable or unfavorable to the disclosing party, and no longer requires the disclosing party to provide identifying information for individuals with knowledge "relevant to facts alleged with particularity in the pleadings."

6 Moore's Federal Practice - Civil § 26.22 (2022).

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Fed. R. Civ. P. 26(e). The duty to amend arises only if the response is incomplete or incorrect in some "material respect." Id.; see 7 Moore's Federal Practice - Civil § 37.60[2][a] (2022). "'In a timely manner' is not defined in the rule, and depends on the facts and circumstances of the case. Timeliness is not measured by a particular date or time; instead, timeliness means without undue delay once a party discovers the information to be provided." 6 Moore's Federal Practice - Civil § 26.131 (2022).

The Fourth Circuit and other courts have adopted a five-part analysis for determining whether nondisclosure of evidence is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." Russell v. Absolute Collection Servs., 763 F.3d 385, 397 (4th Cir. 2014) (quoting S. States Rack & Fixture, 318 F.3d at 597); see also Gilley, 2021 U.S. Dist. LEXIS at *11 (observing that the first four factors are mainly applicable to the harmlessness analysis, and the fifth factor mainly to justification).  "The court is not required, however, 'to tick through each of the Southern States factors.'" Gomez v. Haystax Tech., Inc., 761 F. App'x 220, 229 (4th Cir. 2019) (quoting Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014)).  In reaching the decision, Courts weigh the last factors, i.e., the witnesses' import, against the other factors, i.e., the harm and surprise to the other parties. Edwards v. McElliotts Trucking, LLC, 268 F. Supp. 3d 867, 884 (S.D. W. Va. 2017) (quoting S. States Rack & Fixture, 318 F.3d at 597); W. Plastics, Inc. v. DuBose Strapping, Inc., 334 F. Supp. 3d 744, 754-755 (E.D.N.C. 2018). "[T]he focus of a preclusion inquiry is mainly upon surprise and prejudice, including the opponent's ability to palliate the ill effects

stemming from the late disclosure." Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992). "[C]ourts should make the punishment fit the crime and should take care not to impose a drastic sanction that will prevent adjudication of a case on its merits except on a clear showing that this course is required." Gilley, 2021 U.S. Dist. LEXIS at *11 (quoting 8B Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 2284 (3d ed.)).

Here, Defendant argues surprise because it anticipated all damage calculations to arise from Plaintiff's experts. There is no indication that the factual testimony related to the sale process constitutes damage calculations. Nevertheless, even if White and Chu were offering such calculations, there is insufficient surprise here to warrant excluding their testimony. When a party asserts surprise, courts consider whether the disclosure was reasonably foreseeable to the non-disclosing party. See Palmer v. Kirkland, No. ADC-16-2636, 2020 U.S. Dist. LEXIS 135745, at *7 (D. Md. July 31, 2020) (holding that a disclosure was not reasonably foreseeable given the timing and therefore qualified as a surprise). In this case, there is no indication in the record that Plaintiff knew that Jefferies' knowledge of the sale process was material to Defendant's expert until he issued his rebuttal report. In any event, courts also have held that newly disclosed testimony is not a surprise when the information

13

expressed in the testimony was already accessible to the party against whom it is used. See Vertellus Holdings LLC v. W.R. Grace & Co.-Conn., No. SAG-18-3298, 2021 U.S. Dist. LEXIS 164153, *28-29 (D. Md. Aug. 11, 2021). As reflected in its own witness's testimony, Defendant knew about Jefferies' involvement, and that the claims center on the results of the auction. Defendant could have deposed the witnesses on their own, knowing that the witnesses had personal knowledge about the relevant events. Therefore, the testimony was likely foreseeable to Defendant and similar to what Defendant was expecting or should have expected in the case.

As to the second element, curing the surprise, Plaintiff has offered the witnesses for deposition. The Court has re-set trial in this case and extended discovery for purposes of deposing. ECF No. 162. Courts have recognized that such remedies can be used to cure surprise. Edwards, 268 F. Supp. 3d at 884. In addition, as the District Court has explained:

> Importantly, litigants are expected to take necessary action to mitigate any surprise that late-disclosed evidence may cause. In Bresler, the Fourth Circuit noted that although the party claiming surprise in that case had received the evidence it sought to exclude nearly two months before trial, it did not take the expert's deposition or to take any other steps to mitigate the purported surprise caused by the plaintiffs' delayed disclosure. Accordingly, the party claiming surprise could not claim that the evidence hampered its ability to conduct its defense in any material respect. The court held that there was no abuse of discretion in the trial court's admitting the evidence.

14

Gilley, 2021 U.S. Dist. LEXIS at *13-14 (citing Bresler v. Wilmington Tr. Co., 855 F.3d 178, 194 (4th Cir. 2017)) (internal quotation marks and citations omitted). One of the main purposes of Fed. R. Civ. P. 26 is to allow opponents to properly prepare a response. Saudi v. Northrop Grumman Corp., 427 F.3d 271 (4th Cir. 2005). Plaintiff offered to support an extension in the discovery deadlines to let Defendant depose the above-mentioned individuals. Instead, Defendant filed this Motion contemporaneous with its Motion for Summary Judgment. As was available in Gilley, there was clear opportunity to cure any surprise in this disclosure. Further, the Court has provided Defendant with an opportunity to mitigate any surprise for purposes of trial. Any surprise is minimal and has been mitigated.

Trial courts have broad discretion to manage their cases. Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."). On balance, Fed. R. Civ. P. 37 sanctions, including excluding the identified witnesses from testifying at trial, is inappropriate; and any harm has been mitigated. Defendant has been granted a limited extension in discovery to depose the witnesses and trial has been re-scheduled.

For the foregoing reasons, the Motion is denied.

15

## V. Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** the Motion is denied.

[END OF DOCUMENT]